PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone:   (818) 883-4900
Email:        peter@dion-kindemlaw.com

LONNIE C. BLANCHARD, III (SBN 93530)
THE BLANCHARD LAW GROUP, APC
3579 East Foothill Blvd, No. 338
Pasadena, CA 91107
Telephone:   (213) 599-8255
Fax:          (213) 402-3949
Email:        lonnieblanchard@gmail.com

Attorneys for Plaintiff Daniel Swangler

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Swangler, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>Cherne Contracting Corporation, and Does 1 through 10,<br><br>    Defendants. | **Case No.**<br>**CLASS ACTION**<br><br>**Complaint for:**<br><br>1. **Failure to Pay Compensation Due**<br>2. **Failure to Pay Wages Timely Upon Termination**<br>3. **Violation of Cal. Business & Professions Code Section 17203**<br><br>**Demand for Jury Trial** |

Plaintiff Daniel Swangler ("Plaintiff"), individually, on behalf of all other persons similarly situated, alleges:

**JURISDICTION**

1. Plaintiff is a California citizen. Defendants are entities organized under the laws of states other than California and have their principal places of business in states other than California. The

**Complaint**

1

matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. This Court has jurisdiction under 25 U.S.C. § 1332(a)(1).

2. Defendants are subject to the personal jurisdiction of this Court because they committed their wrongful acts in California.

## VENUE

3. Venue is proper in the Northern District of California under 28 U.S.C. Section 1391 because a substantial part of the events giving rise to the claims asserted occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

4. This matter is properly assigned to the San Francisco or Oakland Division of this District pursuant to Civil Local Rule 3-2(d) because Project is located in Contra Costa County.

## PARTIES

5. Plaintiff is a California resident and was primarily employed in Contra Costa County by Defendants as a non-exempt employee.

6. Defendant Cherne Contracting Corporation ("Cherne" or "Defendant") is a Delaware corporation registered with the Secretary of State of California with its entity address listed as 3555 Farnam Street, Omaha, NE 68131.

7. Defendants were involved in the construction and development of construction projects in California, including the Chevron Richmond Refinery Modernization Project ("Project").

8. Defendants acted as employers, co-employers and/or joint employers of Plaintiff and the class members. Among other things, Defendants:

   a. controlled the Project site;

   b. defined and/or managed the construction on the Project, including but not limited to design, workflow and scheduling;

   c. created, defined and/or managed the work-related agreements related to the Project;

**Complaint**

2

    d.    created, defined and/or managed training for workers on the Project;

    e.    created, defined and/or managed policies and procedures for workers on the Project, including but not limited to environmental, safety and transportation rules;

    f.    created, defined and/or managed the wages of workers on the Project;

    g.    created, defined and/or managed the hours for workers on the Project;

    h.    created, defined and/or managed the working conditions of the Project;

    i.    controlled the access to and the land and roads at the Project;

    j.    operated the mandatory on site, badge and security process/procedure/system for the Project;

    k.    conducted at least part of the orientation process for Plaintiff and class members;

    l.    maintained vehicles on the Project;

    m.    maintained the work quality control and quality assurance for the Project;

    n.    maintained supervisory personnel on the Project;

    o.    monitored and policed the job site rules, security and ingress and egress of the Project; and/or

    p.    had the right and exercised the right to discipline, suspend and terminate employees of any subcontractor on the Project.

9.    Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, suppliers, agents, servants or employees of the known defendants, or through conspiring with the known Defendants to perform these acts for financial gain and profit in violation of Plaintiff's and class members' rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them.

**Complaint**

3

10. Each of the Defendants has been or is the principal, officer, director, agent, employee, representative and/or co-conspirator of each of the other defendants and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At an unknown time, some of the Defendants conspired with other Defendants to commit the wrongful acts described herein. These wrongful acts were committed in furtherance of such conspiracy. Defendants aided and abetted each other in committing the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in committing the acts alleged herein.

11. The named Defendants and the Doe defendants are hereinafter referred to collectively as "Defendants."

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action for himself and on behalf of the following classes:

    **Unpaid Wages Class**

    All non-exempt employees of any of the Defendants who worked at the Chevron Richmond Refinery Modernization Project within the period beginning four years prior to the filing of this action through the date set by the Court.

    **Termination Pay Sub-Class**

    All members of the Unpaid Wages Class whose employment terminated at any time within the period beginning three years prior to the filing of this action through the date set by the Court.

13. The term "class members" includes the Plaintiff and all class members.

14. During all or a portion of the class period, Plaintiff and class members were employed by Defendants in California.

15. **Numerosity.** The number of class members is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice. There are more than 1,000 class members.

16. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

   a. Whether Defendant Cherne is the employer of the class members.

   b. Whether Defendants paid Plaintiff and class members for all hours worked as required by California law;

   c. Whether Defendants' conduct in failing to pay all wages due Plaintiff and class members was willful or reckless;

   d. Whether Defendants willfully failed to timely pay all wages due to Plaintiff and class members upon the termination of their employment;

   e. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code Section 17200, *et seq*.; and,

   f. The appropriate amount of damages, restitution, or monetary penalties resulting from Defendants' violations of California law.

17. **Typicality.** Plaintiff's class claims are typical of the class members' claims. Plaintiff and all class members sustained injuries and damages arising out of Defendants' common course of conduct in violation of the law as alleged herein. Plaintiff is entitled to the same relief under the class action causes of action as the class members.

18. **Adequacy.** Plaintiff will adequately and fairly protect the interests of the class members. Defendants employed Plaintiff during the class period, and Plaintiff is an adequate representative for the class members because Plaintiff has no interest adverse to the interests of the class members and Plaintiff has retained legal counsel with substantial experience in civil litigation, employment law and class action litigation. Plaintiff and Plaintiff's counsel will fairly and adequately protect the class members' interests.

19. **Superiority.** A class action is superior to other available means of fair and efficient adjudication of the class members' claims. Joinder of all class members is impractical. Class action treatment will allow numerous similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would cause to such plaintiffs or to the court system. Further, the damages of many class members may be relatively small and the burden and expenses of individual litigation would make it difficult or impossible for individual class members to seek and obtain relief, while a class action will serve an important public interest. Furthermore, questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Individual litigation would present the potential for inconsistent or contradictory judgments. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in one case.

**First Claim for Relief**
**Failure to Pay Wages for Hours Worked**
**(Against All Defendants)**

20. Plaintiff realleges all the preceding paragraphs.

21. Labor Code Section 1197 in relevant part provides:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

22. Paragraph 4 of the applicable Wage Order provides in relevant part:

> (B) Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, whether the remuneration is measured by time, piece, commission, or otherwise.

23. As alleged below, Defendants failed to pay Plaintiff and class members for all hours worked.

24. The Project is within a secured fenced work site with highly restricted access. To enter the Project site, workers were required to park their vehicles in a parking lot and walk to an entrance

**Complaint**
6

turnstile. If there was a line at the entrance turnstile, the workers were required to wait in line to get through the turnstile. To unlock and move through the turnstile, workers were required to swipe their identification cards. To leave the project site, workers also were required to swipe their identification cards to unlock and move through the exit turnstiles. Workers were told that the turnstile swiping mechanisms were not used for payroll timekeeping purposes. Workers were then required to walk several minutes to project-provided buses so that they could be bused to a staging area. The bus ride lasted several minutes and was mandatory. At the end of the bus ride and at the arrival at the staging area, workers were required to go to and line up at an inventory station to pick up and check out a fire resistant nomex coverall suit by giving a clerk their size. This took several minutes. Workers were then required to go to and line up at another inventory station to pick up and check out gas detectors by giving another clerk their employee numbers. This took several minutes. Next, workers were required to put on their fireproof suits, gas detectors and other PPE. This took several minutes. Workers were then required to walk to gang boxes where foremen would check them in for the start of their payroll timekeeping for the workday. The process of workers getting into the project site to the point where they were clocked in for the workday for payroll purposes by their foremen will be referred to as the "Check-In Process."

25. At the end the of workday, the process described above was done in reverse. The process to get out of the project site will be referred to as the "Check-Out Process."

26. To Plaintiff's knowledge, the payroll timekeeping for workers of the project site was kept manually by the foremen and was not based upon the swipe-in or swipe-out records at the turnstile.

27. The Check-In Process was "off-the-clock" and unpaid. The Check-Out Process was supposed to be "on-the-clock" and paid. Because the payroll timekeeping for workers of the project site was kept manually by foremen and was not based upon the swipe-in or swipe-out records at the turnstiles, it was not really possible for workers to know exactly how much off-the-clock time or

**Complaint**
7

on-the-clock time was related to the Check-In and Check-Out Processes. Workers were told, however, that they were not being paid for the Check-In Process.

28. During the entire Check-In and Check-Out Processes, the workers were under the control of Defendants. Such time therefore constituted "hours worked" under California law for which they were entitled to be paid.

29. In addition, Plaintiff and class members were told that they were required to stay on the job site during the entire workday from the beginning of the workday until the end of the workday. They were told that they were required to take their meal breaks and rest breaks at their daily work sites and that they could not go back to their vehicles in the parking lots at any time during the workday. Defendants did not provide any transportation to Plaintiff or class members to take them to the parking lot during their meal periods. Workers were never paid for the time that they were on meal breaks. Because workers were therefore under Defendants' control during the meal periods, such time constituted hours worked for which workers were entitled to be, but were not, paid.

30. In violation of Section 1197 and Paragraph 4 of the applicable Wage Order, Defendants did not pay class members the wages due them for all hours worked, including all hours that they were under Defendants' control, including without limitation the time spent during the Check-In Process and the meal period time.

31. Labor Code Section 1194.2 in relevant part provides:

> In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

32. Plaintiff and class members are also entitled to liquidated damages pursuant to Labor Code Section 1194.2.

33. Plaintiff has incurred and is entitled to attorneys' fees, costs and interest.

**Second Claim for Relief**
**Failure to Pay Waiting Time Wages Pursuant to Labor Code Section 203**
**(Against All Defendants)**

34. Plaintiff realleges all the preceding paragraphs.

35. Labor Code Section 201 in relevant part provides:

    (a) If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. . . .

36. Labor Code Section 202 in relevant part provides:

    (a) If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting...

37. Labor Code Section 203 provides in relevant part:

    (a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. . .

    (b) Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

38. The employment of Plaintiff and Termination Pay Subclass members with Defendants terminated.

39. When the employment of Plaintiff and Termination Pay Subclass members terminated, Defendants violated Labor Code Sections 201 or 202 by willfully failing to pay the wages earned and unpaid that were due them within the time required by Sections 201 or 202.

40. Labor Code Section 218.5 provides in relevant part:

    (a) In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action. . . .

41. Plaintiff has incurred attorneys' fees and costs in pursuing this claim.

**Third Claim for Relief**
**Violation of California Business and Professions Code Section 17200,** *et seq.*
**(Against All Defendants)**

42. Plaintiff realleges all the preceding paragraphs.

43. Business & Professions Code Section 17200 provides:

    As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

44. Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

45. Business & Professions Code Section 17203 provides:

    Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

46. Defendants have been unjustly enriched because of Defendants' unlawful and/or unfair business acts and/or practices.

47. Plaintiff and the class members are entitled to restitution of the money and/or property by which Defendants were unjustly enriched.

48. Plaintiff and the class members are further entitled to and seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

49. Plaintiff and the class members have no plain, speedy, and/or adequate remedy at law to redress the injuries that they have suffered because of Defendants' unfair, unlawful and/or fraudulent business practices.

50. If Defendants are not enjoined from the conduct alleged herein, they will continue to violate their legal obligations.

51. Plaintiff is entitled to an award of attorneys' fees pursuant to California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff demands a jury trial and requests that judgment be entered against all Defendants as follows:

1. Certification of this action as a class action and the appointment of Plaintiff as the representative of the classes and Plaintiff's counsel as lead counsel for the classes;
2. Damages for unpaid wages;
3. Liquidated damages;
4. Compensatory damages according to proof;
5. Waiting time penalties due pursuant to Labor Code Section 203;
6. Restitution pursuant to Business & Professions Code Sections 17200, *et seq.*;
7. Prejudgment interest;
8. Reasonable attorneys' fees;
9. Costs as allowed by law;
10. A declaratory judgment that the practices complained of herein are unlawful under the Labor Code and/or the Unfair Competition Law and injunctive relief requiring termination or modification of the unlawful practices alleged;
11. Such other relief as this Court shall deem just and proper.

Dated: January 29, 2020          THE DION-KINDEM LAW FIRM

BY: /S PETER R. DION-KINDEM
　　PETER R. DION-KINDEM, P.C.
　　PETER R. DION-KINDEM
　　Attorney for Plaintiff Daniel Swangler

**Complaint**
11

**Demand for Jury Trial**

Plaintiff demands a jury trial.

Dated: January 29, 2020          THE DION-KINDEM LAW FIRM


                                 BY: /S PETER R. DION-KINDEM
                                     PETER R. DION-KINDEM, P.C.
                                     PETER R. DION-KINDEM
                                     Attorney for Plaintiff Daniel Swangler